ACCEPTED
12-15-00100-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
8/5/2015 2:48:44 PM
CATHY LUSK
CLERK

NO. 12-15-00100CR

| | | |
|---|---|---|
| **JOHNSON, DARRIAN DEWAYNE, JR.** | § | **IN THE COURT OF APPEALS** |
| | § | |
| **vs.** | § | **12TH JUDICIAL DISTRICT** |
| | § | |
| **STATE OF TEXAS** | § | **STATE OF TEXAS** |

FILED
12th COURT OF APPEALS
TYLER, TEXAS
8/5/2015 2:48:44 PM
CATHY LUSK
Clerk

## MOTION TO WITHDRAW AS APPELLATE COUNSEL
### (*ANDERS BRIEF*)

**TO THE HONORABLE JUSTICES OF SAID COURT:**

Comes now Movant, Forrest K. Phifer, Appellate Counsel for Darrian DeWayne Johnson, Jr., Appellant herein, and files this his Motion to Withdraw pursuant to requirements of an *Anders Brief* and in accordance with Tex. R. App. P. 6.5.

Accompanying this motion, the undersigned has filed an *Anders Brief.* Accordingly, the undersigned respectfully requests that he be allowed to withdraw from further representation in this matter.

In accordance with TRAP 6.5, the undersigned certifies:

1.  There are no current deadlines in this case aside from the filing of Appellant's Brief and this motion.

2.  Appellant's name and last known address are:

> Darrian DeWayne Johnson, Jr.
> TDCJ # 01987904
> SID # 08052716
> TDCJ,ID
> Bradshaw Unit

Henderson, Texas 75653-9000

903/655-0880 (voice)

3. As noted in the below Certificate of Service, this motion has been delivered to Appellant <u>both</u> by Certified Mail, Return Receipt Requested and by First Class U.S. Mail, Address Correction Requested.

4. **Appellant is hereby notified of his right to object in writing**.

5. Appellant has a right to obtain a copy of the record from the undersigned for the preparation of a *pro se* brief. Accordingly, Appellate Counsel has provided Appellant a "USB Flash Drive" containing downloaded true and correct copies of: 1) the Clerk's Record; 2) the Court Reporter's Record; and 3) Appellate correspondences as an enclosure with a copy of the *Anders Brief* and the instant Motion to Withdraw in the correspondence sent via Certified Mail, Return Receipt Requested. (The documents referenced were provided to Appellant Counsel in electronic form and therefor, an electronic copy of same were copied to the drive for Appellant's convenience.) Also included within that same correspondence was a proposed, unsigned request for an extension of time to file Appellant's brief, for Appellant's review and consideration in the event Appellant desired to respond and file his own brief. See

attached exhibit "A."

**WHEREFORE, PREMISES CONSIDERED,** Movant respectfully requests that his Motion to Withdraw be GRANTED, that he be relieved from further representation of Appellant in this matter, and for such further and other relief, whether at law or in equity, to which he has shown himself justly entitled.

Respectfully submitted,

Forrest k. Phifer

Forrest k. Phifer
P.O. Box 829
Rusk, Texas 75785-0829
(903) 721-1842

BY: /S/ Forrest K. Phifer

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing instrument has been forwarded by electronic filing to the Cherokee County District Attorney's Office in accordance with TRAP 9.5(b)(1) on August 5, 2015.

Furthermore, a true and correct copy of the foregoing instrument has been forwarded by both Certified Mail, Return Receipt Requested, and via First Class, U.S. Mail, Address Correction Requested, to:

Darrian DeWayne Johnson, Jr.
TDCJ # 01987904
SID # 08052716
TDCJ,ID
Bradshaw Unit
P.O. Box 9000
Henderson, Texas 75653-9000

on the same date. (See attached exhibit "B".)


BY: /S/ Forrest K. Phifer

# EXHIBIT "A"

## NO. 12-15-00100CR

| | | |
|---|---|---|
| **JOHNSON, DARRIAN DEWAYNE, JR.** | § | **IN THE COURT OF APPEALS** |
| | § | |
| **vs.** | § | **12TH JUDICIAL DISTRICT** |
| | § | |
| **STATE OF TEXAS** | § | **STATE OF TEXAS** |

## 1ST PRO SE MOTION FOR EXTENSION OF TIME TO FILE BRIEF

**TO THE HONORABLE JUSTICES OF SAID COURT:**

COMES NOW the Appellant in the above styled and numbered cause, and files this his 1st Pre Se Motion for Extension of time to File Appellant Brief and in support thereof would show this court the following:

1. This case is on appeal from the 2nd Judicial District Court of Cherokee County, Texas.

2. The case below was styled *State of Texas vs. Darrian Dewayne Johnson, Jr.* and was numbered 19099. Appellant waived indictment, entered a plea of Guilty and received 4 years Deferred Adjudication on January 16, 2014.

3. On July 9, 2014, a Motion to Adjudicate was filed to which Defendant pled NOT TRUE to allegations alleged in paragraphs ## 11, 12, 13, 14,

22, 24, 29 and 30 of the Motion to Adjudicate and the State abandoned paragraph 15. To the remaining allegations, Defendant pled TRUE. Hearing was held before the Court on the Motion to Adjudicate for the underlying charge of Abandon/Endanger of Child-Criminal Neglect. Upon hearing thereof on January 8, 2015, the Court found the presented allegations in the Motion to Adjudicate to be True and sentenced the Defendant to confinement in the Texas Department of Criminal Justice, State Jail Division for a term of two (2) years with costs and 150 days jail credit, to run consecutively with the companion case # 18851.

4. Notice of Appeal was filed pro se on January 20, 2015.

5. Both the Clerk's Record and the Reporter's Records have been previously filed with the Court.

6. Appellant's trial counsel withdrew on January 15, 2015. Although Appellate Counsel was appointed on February 12, 2015, the order was not filed until March 17, 2015 and notice was not forwarded until March 18, 2015. Appellate Counsel has filed an *Anders Brief* and an accompanying Motion to Withdraw and notified Appellate of this action. Because of the above, Appellant has not been able to properly research and prepare a brief on behalf of Appellant.

7. Appellant requests that an extension of a minimum of 30 days, or such additional time as the Court may deem appropriate, be granted for the filing of Appellant's response to this action and brief.

8. This request is not sought merely for delay, but rather that justice may be had. This delay will not occasion any undue delay in the progression of this case.

**WHEREFORE, PREMISES CONSIDERED,** Appellant prays that the Court GRANT this request and extend the date for filing of Appellant's brief.

Respectfully submitted,

TDCJ # 01987904                          Darrian DeWayne Johnson, Jr.
SID # 08052716
TDCJ, ID
Bradshaw Unit
P.O. Box 9000
Henderson, Texas 75653-9000
903-655-0880 (voice)              By:_____
                                         Darrian DeWayne Johnson, Jr.

## CERTIFICATE OF CONFERENCE

By the signature above, I hereby certify that I have NOT conferenced with the prosecutor in this case regarding the merits of this request.

By:_____
Darrian DeWayne Johnson, Jr.

## CERTIFICATE OF SERVICE

This is to certify that on _____, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Cherokee County, 135 S. Main, Rusk, Texas 75785, by U.S. mail delivery.

By: _____
Darrian DeWayne Johnson, Jr.

# EXHIBIT "B"

# Law Office of Forrest K. Phifer



P.O. Box 829
Rusk, Texas 75785-0829

August 5, 2015

**"Attorney-Client Correspondence; Privileged Communication"**

Darrian DeWayne Johnson, Jr.
SID # 08052716
TDCJ # 01987904
TDCJ, ID
Bradshaw Unit
P.O. Box 9000
Henderson, Texas 75653-9000

Re:     *Darrian DeWayne Johnson, Jr. vs. State of Texas*
         Trial Case # 19099; In The 2nd District Court of Cherokee County, Texas
         Appellate Case # 12-15-00100-CR; In The 12th District Court of Appeals of Texas, sitting in
         Tyler, TX

Dear Mr. Johnson:

As you are aware, I was appointed to represent you in the above referenced appellate matter by Judge Bascom Bentley. You have been convicted of the criminal offense of "Endangerment of a Child." After a thorough review of the Clerk's Record and the Court Reporter's Record, I have been unable to find any legal or factual non-frivolous ground reasonably calculated to return a judgment of modification or reversal. Accordingly, I must file a motion to withdraw as your attorney. You have the right to object and file a response to my motion. A copy of my motion, along with the *Anders* brief in support thereof is included herein for your review and consideration.

I have asked the court to allow you time to file a response and a brief, if you so desire. It is very important that you maintain adherence to the court's deadlines.

The next few paragraphs will present a basic outline of the procedural steps and considerations that are a part of a criminal appeal post appellate decision. Please bear in mind that I am authorized <u>only</u> to represent you on the appeal of this current case to the initial Court of Appeals and NOT to the Court of Criminal Appeals in Austin, Texas.

***Motion for Rehearing:*** Once the Court of Appeals has made its decision, the losing party (either you or the State) has an opportunity to file a petition asking the court to reconsider their decision. The petition must be filed within 15 days after the issuance of the decision. Generally speaking, a motion for rehearing should be filed only if you believe that the court mistakenly interpreted the facts or the law. Even if I do not file a request for rehearing, you have the right to do so on your own behalf, if you so desire. If the court grants a rehearing, it has the authority to issue a new opinion reaching a

different result.

***Further Proceeding:*** If the Court of Appeals does not grant relief in your case, affirms the conviction, or otherwise issues an opinion with which you disagree, you may have a further appeal of your case by filing a Petition for Discretionary Review in the Texas Court of Criminal Appeals. This petition must be filed within 30 days after the issuance of the Court of Appeals' opinion (or within 30 days after the Court of Appeals denies a motion for rehearing, if one is filed).

I have not been appointed to represent you on an appeal to the Court of Criminal Appeals or the U.S. Supreme Court. THEREFORE, IF YOU WISH TO CONTINUE THE APPEAL, YOU WILL NEED TO FILE A PETITION FOR DISCRETIONARY REVIEW. You will need to file the petition and all copies of the petition with the Court of Appeals. The Appellate Court with jurisdiction for your case. The address for the Court of Appeals handling this particular case is as follows:

> 12th Court of Appeals
> 1517 W. Front Street #354
> Tyler, Texas 75702
> (903) 593-8471
> (Fax) 593-2193

The address for the Court of Criminal Appeals is as follows:

> Texas Court of Criminal Appeals
> P.O. Box 12308
> Capitol Station
> Austin, Texas 78711
> (512) 463-1551.

You may also request the Court of Criminal Appeals to extend the time to file a petition, but only if you request it within fifteen (15) days after the date the court issues an opinion on the request for rehearing.

A Petition for Discretionary Review must be as brief as possible. It must be addressed to the "Court of Criminal Appeals of Texas" and must state your name as the party applying for review. It must also contain the following:

1. A **"Table of Contents"** with references to the pages of the petition and must indicate the subject matter of each ground or question presented for review.
2. An **"Index of Authorities"** arranged alphabetically and indicating the pages of the petition where the authorities are cited.
3. A **"Statement Regarding Oral Argument"** explaining why oral arguments would be helpful or that such arguments are waived.
4. A **"Statement of the Case"** briefly describing the nature of the case.
5. A **"Statement of the Procedural History"** providing:

   a. the date any opinion of the Court of Appeals was issued;

           b.       The date of the filing of the motion for rehearing; and,

           c.       The date the motion for rehearing was denied.

6. The **"Grounds for Review"** for which you are requesting review, separately numbered.

7. The **"Reasons for Review"** providing a concise and direct argument, with supporting authorities, as to why the court should review your case.

8. A **"Prayer for Relief"** clearly stating what relief you are seeking; and,

9. An **"Appendix"** containing a copy of the opinion of the Court of Appeals.

10. A **"Certification pursuant to TRAP 9.4"** wherein you advise the Court how many words are in your brief.

The petition must be no longer than fifteen (15) pages, exclusive of the Table of Contents, Index of Authorities, Statement Regarding Oral Arguments, Statement of the Case, Statements of Procedural History and the Appendix.

The State has the right to petition for review if the Court of Appeals grants the relief you request. IF THIS OCCURS, YOU MAY BE ELIGIBLE FO RELEASE ON BAIL WHILE THE STATE SEEKS DISCRETIONARY REVIEW. The amount of bail is determined by the Court of Criminal Appeals upon your filing a motion requesting same.

***Potential Adverse Consequences of a Reversal:*** Although the Court of Appeals affirms far more cases that ir reverses, I feel it is important that you understand the appellate process and its possible effect on you.

If the punishment in your case was assessed by a jury and your case is remanded for a new trial, you may be found guilty a second time. At the new trial, a second jury may give you any sentence it deems appropriate, within the range allowed by law, i.e., the same sentence as was granted originally, a sentence less than before, or one greater than before.

If your case is remanded and you choose to have a judge assess punishment, you may be assessed a greater punishment in the event the court is made aware of new testimony or evidence not presented at the first trial which warrants a longer sentence, or if you have engaged in some action after the first trial that might be used to justify a longer sentence. Of course, the judge is also permitted to assessed a sentence less than at the first trial.

***Termination of Authority:*** As stated earlier, I am <u>not</u> authorized to represent you on any other matter. I represent you <u>only</u> on the initial preparation and appeal in this matter, and my authority to do so terminates upon the entry and acceptance of a judgment issued by the court. Also, my appointment to represent you on the current appeal does <u>not</u> include an appointment to pursue a Petition for Discretionary Review; however, if the Court of Criminal Appeals grants your petition, the Trial Court must appoint an attorney to represent you in further proceedings.

I have also enclosed within the posting forwarded to you via Certified Mail, Return Receipt Requested, a USB Flash Drive wherein is downloaded the Clerk's Record and the Court Reporter's Record, along with the appellate correspondence for your review.

Thank you for your kind understanding of the above. I wish that the circumstances could have been different. Nevertheless, I do wish you well in your future.

Sincerely,


Forrest K. Phifer
Attorney at Law
FKP/cmp